FILED
CLERK, U.S. DISTRICT COURT
6/30/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**ERIC BRAKEBILL JONES**
5634 Noel Drive
Temple City, CA 91780
Telephone: 626-348-3019

Email: eric@recovery-compass.org
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ERIC BRAKEBILL JONES,**<br>Plaintiff,<br>v.<br><br>**GOOGLE LLC,**<br>Defendant. | Case No.: 2:26-cv-06029-WLH (AJRx)<br><br>**Hon. Wesley L. Hsu**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE, AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ERIC BRAKEBILL JONES, an individual appearing in pro per, alleges as follows.

## INTRODUCTION

1. This action arises from Google's pursuit of Plaintiff, personally, for charges that are the product of identity theft, and from Google's use of its direct control over services Plaintiff relied upon as leverage to compel payment of those charges. Plaintiff is a victim of identity theft whose personal identifying information, including his Social

Security number and his personal telephone number, was exposed in the April 2024 National Public Data breach and used without his authorization. After written notice of the identity theft, Google continued to pursue the tainted charges against Plaintiff and conditioned restoration of his access on their payment.

2. Google separately promoted and induced Plaintiff to port his personal telephone number into Google Voice, then lost control of the number within its own system, admitted in writing that only an internal Google process could recover it (Google Workspace Support Case #62192378), and never restored it.

3. Plaintiff brings only California state-law claims, in his individual capacity as a natural person and consumer, to redress harm to himself. He seeks a declaration that he is not personally obligated on the identity-theft charges, an injunction, his actual damages, and the civil penalty available under the California Identity Theft Act. Plaintiff does not reallege the federal claim asserted in the superseded pleading.

**PARTIES**

4. Plaintiff ERIC BRAKEBILL JONES is an individual residing in Los Angeles County, California. Plaintiff brings this action solely in his individual capacity, to redress harm to himself as a natural person and consumer, including the theft and unauthorized use of his personal identifying information and Google's pursuit of charges against him personally.

5. Defendant GOOGLE LLC is a Delaware limited liability company doing business throughout California, including Los Angeles County. Google operates the Google Voice, Google Workspace, and Google Cloud Platform services at issue and, at all relevant times, dealt with and billed Plaintiff as an individual account holder.

6. Plaintiff opened and used the Google account at issue primarily for his own personal purposes, including his personal email, his education, and his personal affairs. Although Plaintiff also used the account in connection with a nascent endeavor known as Recovery Compass, Google twice declined Recovery Compass's application to Google's nonprofit program and never recognized, enrolled, or billed Recovery Compass as a nonprofit. Google dealt with and billed Plaintiff as an individual paying customer, and Google asserts the charges at issue against Plaintiff personally.

## JURISDICTION, VENUE, AND REMAND

7. This action was removed from the Superior Court of California, County of Los Angeles (Case No. 26STLC02620), on June 3, 2026, on the sole basis of federal-question jurisdiction. This First Amended Complaint asserts only claims arising under California law and presents no federal question.

8. No independent basis for federal jurisdiction exists. Removal was premised solely on federal-question jurisdiction; diversity jurisdiction was not invoked and does not exist. Under 28 U.S.C. section 1367(a) and Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. ___ (2025), when the federal-law claims that enabled removal are excised by amendment, the federal court loses supplemental jurisdiction over the remaining state-law claims and the action must be remanded. Plaintiff does not consent to the exercise of federal jurisdiction over the remaining state-law claims and will separately move to remand under 28 U.S.C. sections 1447(c) and 1367.

9. Venue in the originating state court is proper in Los Angeles County, where Plaintiff resides and where the conduct and resulting harm occurred.

## FACTUAL ALLEGATIONS

**The identity theft**

10. In or about April 2024, a data breach at National Public Data exposed Plaintiff's personal identifying information, including his Social Security number and his telephone number. Plaintiff filed Federal Trade Commission Identity Theft Report Number 197761259.

11. Plaintiff is a bona fide victim of that identity theft. The same compromise produced a fraudulent financial account opened in Plaintiff's name, which the issuing bank, Capital One, N.A., independently investigated and, by letter dated April 16, 2026, confirmed to be fraudulent, held Plaintiff not responsible, and reported to the nationwide consumer reporting agencies for removal. Capital One's independent fiduciary determination corroborates that Plaintiff is a victim of identity theft.

**The promotion and the port of Plaintiff's personal number**

12. In or about July 2025, Google presented a promotion inviting Plaintiff to port his existing telephone number into Google Voice and Google Workspace. Plaintiff accepted and ported his personal telephone number, (530) 219-2364, the personal line he had used as his primary telephone number since approximately 2001, into Google Voice.

13. Following the port, the number became inoperative for incoming communications. Plaintiff was unable to reliably receive incoming calls, text messages, and one-time SMS verification codes.

14. On August 14, 2025, a Google Workspace Support agent confirmed that Plaintiff's

number was located within Google's consumer Google Voice system, was inaccessible through any user-facing tool, depended on an internal Google process to recover, and that Google had taken ownership of the matter as Google Workspace Support Case #62192378. Google never restored the number, which remained orphaned and effectively lost.

**The unauthorized charges**

15. On information and belief, following the breach a third party used Plaintiff's personal identifying information compromised in the April 2024 National Public Data breach to incur unauthorized usage and charges on the Google Cloud Platform account associated with Plaintiff (Project ID agency-fortress-core-479708), accumulating to a claimed liability of Ten Thousand Dollars ($10,000.00). Plaintiff did not authorize, consent to, use, possess, or benefit from the cloud computing resources that generated the $10,000.00 liability. The specific means by which the unauthorized access and usage occurred are recorded in Google's own access and billing logs and are a subject for discovery.

16. Google separately asserted a disputed balance of $1,056.78 on the account, which Plaintiff disputes as tied to the same compromised account.

**Google's notice, refusal to investigate, and continued pursuit**

17. On or about December 21, 2025, Plaintiff provided Google, by certified mail, with FTC Identity Theft Report Number 197761259, proper identification, and written identification of the $10,000.00 and the $1,056.78 as charges resulting from identity theft. Delivery was confirmed December 26, 2025, more than 30 days before this action was commenced.

18. Google did not diligently investigate. Google processed Plaintiff's notice through an automated workflow that issued scripted denials rather than an individualized investigation.

19. On March 3, 2026, Google imposed an automated "403 Forbidden" lockout tied to the disputed $1,056.78 balance. On March 4, 2026, a Google Cloud account executive confirmed in writing that the automated block would not lift until the $1,056.78 balance was cleared even while the FTC affidavit was under review, and proposed that Plaintiff first pay the disputed balance to trigger the unblock. Google thereby continued to pursue the charges against Plaintiff and conditioned restoration of his access on their payment, after written notice of the identity theft.

20. Google continued to pursue and threaten the account through 2026, including renewed suspension and cancellation notices.

21. Google did not report the charges to any consumer reporting agency. Plaintiff obtained his complete credit files from all three nationwide consumer reporting agencies in 2026, and none contains any Google tradeline, collection account, or inquiry. Google instead used its direct control over Plaintiff's services as private leverage to compel payment.

## FIRST CAUSE OF ACTION

### Violation of the California Identity Theft Act (Cal. Civ. Code section 1798.92 et seq.)

22. Plaintiff incorporates paragraphs 1 through 21.

23. Plaintiff is a "victim of identity theft" within Cal. Civ. Code section 1798.92(d) and Cal. Penal Code section 530.5: his personal identifying information, including his Social Security number ("personal identifying information" under Cal. Civ. Code section 1798.92(c)), was used without his authorization to obtain services, money, or property; Plaintiff did not use or possess what was obtained through the identity theft; and Plaintiff submitted Federal Trade Commission Identity Theft Report Number 197761259.

24. Google is a "claimant" within Cal. Civ. Code section 1798.92(a): it has, or purports to have, a claim for money against Plaintiff, personally, in connection with a transaction procured through identity theft, namely the $10,000.00 in unauthorized Google Cloud Platform usage generated through the third-party exploitation of Plaintiff's compromised credentials.

25. Under Cal. Civ. Code section 1798.93(b), Plaintiff need establish his status as a victim of identity theft by a preponderance of the evidence. Plaintiff is entitled under Cal. Civ. Code section 1798.93(c) to a declaration that he is not obligated to Google on the claim, a declaration that any security or other interest Google purported to obtain in connection with the claim is void and unenforceable, and an injunction restraining Google from collecting or attempting to collect the claim and from conditioning Plaintiff's access to his services on its payment.

26. Plaintiff is entitled to his actual damages under Cal. Civ. Code section 1798.93(c)(5). Plaintiff provided the written notice required by that paragraph, including a valid Federal Trade Commission identity theft report, more than 30 days before commencing this action.

27. Plaintiff is further entitled to a civil penalty of up to thirty thousand dollars ($30,000) under Cal. Civ. Code section 1798.93(c)(6), which Plaintiff must establish by clear and convincing evidence: (a) at least 30 days before commencing this action, Plaintiff provided Google written notice that a situation of identity theft might exist and the basis for that belief, by certified mail delivered December 26, 2025, directed to the address Google holds out for billing and account-dispute correspondence; Google designates no separate address for complaints related to credit reporting issues, and to the extent it does, Plaintiff's notice satisfied it; (b) Google failed to diligently investigate Plaintiff's notification, processing it through an automated workflow that issued scripted denials rather than an individualized investigation; and (c) Google continued to pursue its claim against Plaintiff, including by conditioning restoration of his access on payment, after being presented with the facts.

## SECOND CAUSE OF ACTION

### Unfair Competition Law (Cal. Bus. & Prof. Code section 17200 et seq.)

28. Plaintiff incorporates paragraphs 1 through 27.

29. Section 17200 prohibits any unlawful, unfair, or fraudulent business act or practice.

30. Google's conduct is UNLAWFUL because it violates the California Identity Theft Act, Cal. Civ. Code section 1798.92 et seq., as alleged.

31. Google's conduct is UNFAIR. After written notice that the charges were the product of identity theft, Google used its direct control over Plaintiff's services, including an automated "403 Forbidden" lockout, as private leverage to coerce payment of the tainted charges, conditioning restoration of Plaintiff's access on their payment. This

course of conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous; it causes substantial injury to consumers that they cannot reasonably avoid and that is not outweighed by any countervailing benefit.

32. As a direct result, Plaintiff suffered injury in fact and lost money or property within the meaning of Cal. Bus. & Prof. Code section 17204: Google has asserted and pursued against Plaintiff, personally, a present monetary liability for the identity-theft charges; Plaintiff's personal identifying information was misused; and Plaintiff was deprived of his longtime personal telephone number and of his ability to receive his own time-sensitive communications. These are concrete injuries to Plaintiff as a natural person, independent of any injury to any other person or entity.

33. Plaintiff is entitled under section 17203 to restitution of any sums Plaintiff personally paid to Google as a result of the conduct, and to injunctive relief restraining the conduct and requiring restoration of Plaintiff's access and number.

## THIRD CAUSE OF ACTION

### Declaratory Relief

34. Plaintiff incorporates paragraphs 1 through 33.

35. An actual controversy exists between Plaintiff and Google concerning whether Plaintiff is personally obligated on the $10,000.00 and $1,056.78 charges. Plaintiff contends he is not obligated because the charges result from identity theft; Google has acted as though Plaintiff is obligated.

36. Plaintiff seeks a judicial declaration that he is not personally obligated on the

charges and that the charges are void as the product of identity theft.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Google as follows:

A. A declaration, under Cal. Civ. Code section 1798.93 and otherwise, that Plaintiff is not personally obligated on the $10,000.00 claimed liability or the $1,056.78 disputed charge, and that those charges are void as the product of identity theft;

B. A permanent injunction (i) restraining Google from collecting or attempting to collect the charges from Plaintiff, and (ii) requiring Google to remove or correct the charges asserted against Plaintiff and to cease conditioning Plaintiff's access to his services on their payment;

C. Plaintiff's actual damages according to proof, under Cal. Civ. Code section 1798.93(c)(5);

D. A civil penalty of up to $30,000 under Cal. Civ. Code section 1798.93(c)(6);

E. Restitution under Cal. Bus. & Prof. Code section 17203 of any sums Plaintiff personally paid to Google;

F. Costs of suit; and

G. Such other and further relief as the Court deems just and proper.

DATED: June 30, 2026

/s/ Eric Brakebill Jones

ERIC BRAKEBILL JONES

Plaintiff in Pro Per

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.